UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| KATHERINE JONES, | ) | |
| Plaintiff, | ) ) | Civil Action No. 6: 06-408-DCR |
| V. | ) ) | |
| MONUMENTAL LIFE INSURANCE COMPANY, | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of the Plaintiff's motion to remand to the Clay Circuit Court. Having reviewed the memoranda filed by the parties, the Court is of the opinion that, at the time of removal, the amount in controversy exceeded the sum of $75,000.00, exclusive of interest and costs. Therefore, the Plaintiff's motion will be denied.

### I.   RELEVANT FACTS

Plaintiff Katherine Jones filed this action in the Clay Circuit Court on March 21, 2006. [Record No. 1; Complaint] In relevant part, Jones asserted that she is entitled to proceeds under a life insurance policy issued by Defendant Monumental Life Insurance Company. The named insured died on or about January 31, 2005. Jones claims that Defendant Monumental has failed and refused to make payment pursuant to the terms of the policy. As a result, Jones claims that she is entitled to recover $5,000.00 under the policy, plus attorney fees. In addition, because Jones claims that the Defendant has acted in bad faith, she also seeks an additional sum, although she does not specify the amount in her Complaint. [Record No. 1; Complaint, ¶ 19] Finally,

-1-

Jones asserts that, "because the Defendant has acted against the Plaintiff with oppression, fraud, or malice regarding the $5,000.00 proceeds on the life insurance policy on the life of James Glen Jones, the Plaintiff is entitled to punitive damages from the Defendant MONUMENTAL." [Record No. 1; Complaint, ¶ 20]

In an effort to determine the amount in controversy (and presumably establish a basis for removal to this Court), Monumental tendered a request for admission to Jones which asked that she admit that she was seeking in damages a sum exceeding $75,000.00, exclusive of interest and costs. The Plaintiff responded in the affirmative. [Record No. 1; Response to Request for Admission] Thereafter, Monumental removed the case to this Court on September 6, 2006.

On October 6, 2006, Jones moved the Court to remand this action to the Clay Circuit Court. [Record No. 7] In support, she asserts that she does not believe that she will be able to recover the amount identified in her admission. In addition to relying upon the *Defendant's* assertion that punitive damages in the range claimed by Jones would violate federal and state law, the Plaintiff's counsel indicates that, in over thirty years of practice, he has never recovered punitive damages for a client. Therefore, the Plaintiff contends that the likelihood of actually recovering a sum approaching $75,000.00 is remote.

In response to the Plaintiff's motion, the Defendant argues that it has met its burden of establishing that, at the time of removal, the amount in controversy for this Court to assert jurisdiction over the case had been satisfied. Further, Monumental states that it was not until after removal that the Plaintiff attempted to assert that she was actually seeking less than

$75,000.00. Monumental cites *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000), in support of its argument.

## II. ANALYSIS

The statute authorizing removal, 28 U.S.C. § 1441, provides that an action is removable only if it could have initially been brought in federal court. A federal court has original "diversity" jurisdiction where the suit is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of costs and interest. 28 U.S.C. § 1332(a). To establish whether the amount in controversy is sufficient to meet the $75,000.00 requirement of 28 U.S.C. §1332(a), the Court must look to state law to determine the nature and extent of the damages to be awarded. State law will dictate what is actually at stake in the case, financially speaking. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 352 (1961). A defendant who seeks removal to federal court bears the burden of proof on the issue of whether the amount in controversy requirement has been met. *McNutt v. General Motors Acceptance Corp. of Ind., Inc.*, 298 U.S. 178, 189 (1936).

In determining the appropriateness of remand, a court must consider whether federal jurisdiction existed at the time the removing party filed the notice of removal. *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 452 (6th Cir. 1996). Consequently, "events occurring subsequent to removal which reduce the amount recoverable whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached." *Saint Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289-90. If the amount

in controversy was in excess of $75,000.00 at the time the Defendant filed its notice of removal, this Court has jurisdiction over the action.

It is therefore the duty of this Court to determine what the amount in controversy was on September 6, 2006, the day Defendant Monumental filed its notice of removal. In determining that amount, the Court takes note of the fact that under state procedural rules, plaintiffs can make indeterminate complaints to defeat federal jurisdiction while maintaining an intent to seek recovery beyond that jurisdictional amount. This practice often means plaintiffs can plead indeterminately or even specifically below the jurisdictional requirements merely to defeat federal jurisdiction.[1] Under such circumstances, it is appropriate for a defendant to determine that the jurisdictional amount has been met through interrogatories and requests for admissions.

Also, as Monumental points out, a plaintiff cannot defeat federal jurisdiction simply by agreeing to seek no more than $75,000.00 (the federal jurisdictional limit) *after* the action has been removed to federal court. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000); *see also Saint Paul*, 303 U.S. at 289-90 ("events occurring subsequent to removal which reduce the amount recoverable whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached"); *Ahearn*, 100 F.3d at 453 ("[w]e look at the complaint at the time of removal . . . and determine whether the action was properly removed in the first place").

---

[2] For a more complete discussion of the difficulties arising from the indeterminate complaint, *see also* Alice M. Noble-Allgire, *Removal of Diversity Actions When the Amount in Controversy Cannot be Determined from the Face of Plaintiff's Complaint*, 62 Mo. L. Rev. 681 (1997).

Here, it is clear that the Plaintiff was asserting at the time of removal that she was seeking in excess of $75,000.00, exclusive of interest and costs. She may not defeat removal by now asserting that: (1) she does not *actually believe* that she will eventually recover a sum exceeding $75,000.00; (2) the Defendant has a strong defense to her claim for punitive damages; or (3) because her attorney has never recovered punitive damages in the past, she is unlikely to recover such damages in this action. In short, the Court is persuaded that it is "more likely than not" that the amount in controversy exceeds the jurisdictional minimum of $75,000.00 and that such was the case at the time the matter was removed to this Court. The fact that the Plaintiff may not actually recover this sum does not establish that the jurisdictional minimum is not "in controversy."

### III. CONCLUSION

The Court being sufficiently advised, it is hereby **ORDERED** that Plaintiffs' motion to remand [Record No. 7] is **DENIED.**

This 3rd day of November, 2006.



Signed By:
*Danny C. Reeves* DCR
United States District Judge